**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLIOT FRANCO, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　-against-<br><br>CLIENT SERVICES, INC.<br><br>　　　　　　　　Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff ELLIOT FRANCO (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant CLIENT SERVICES, INC., (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in St. Charles, Missouri.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to

collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers to whom Defendant failed to adequately notify the amount owed their alleged debt in violation of 15 U.S.C. §1692g *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

3

    so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to January 9, 2017, an obligation was allegedly incurred by Plaintiff to Capital One Bank (USA), N.A. ("Capital One").

16. The Capital One obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Capital One International Purchasing, LLC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Capital One is the original "creditor" as defined by 15 U.S.C. § 1692a(4).

19. Defendant contends that the alleged Capital One debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

21. At a time known only by Defendant, Capital One, directly or through an intermediary, contracted Defendant to collect its debt.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23. In its effort to collect on the alleged debt, Defendant contacted Plaintiff by written correspondence on January 9, 2017. *See* **Exhibit A**.

5

24. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

25. The communication states in pertinent part: "Current Balance: $5,765.45."

26. While the debt indicates a Current Balance of $568.13 it fails to state whether that balance is static or dynamic in violation of this Circuit's case law. *See Avila* infra.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. §1692g(a)(1).

29. The above statements would leave the least sophisticated consumer unsure as to whether additional fees would accrue, as Defendant only provides Plaintiff with its Current Balance, as of January 9, 2017.

30. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

31. As set forth in the following Counts Defendant violated the FDCPA.

### First Count
### Violation of 15 U.S.C. §1692g
### Amount of Debt

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send

the consumer a written notice containing certain enumerated information.

34. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. §1692g(a)(1).

35. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

36. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

37. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor language set out in *Avila*, 817 F.3d at 76.

38. An unsophisticated consumer would be left uncertain by the said letter as to whether the said account was accruing interest and/or fees or not.

39. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also *Rhodes v. Davis*, 628 Fed. Appx. 787, 794 (2 Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §5001(a))).

40. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." *Id*. § 5001(b).

41. "In New York, a breach of contract cause of action accrues at the time of the breach." *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

42. "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." *Kasperek v. City Wire Works, Inc.*, No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

## Second Count
## Violation of 15 U.S.C. § 1692e
## Misleading Representations Regarding Amount of Debt

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44. 15 U.S.C. § 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

    the character, amount, or legal status of any debt; or

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. The "Current Balance" in this case was for an amount that included original principal and contractual interest.

46. Collection notices that state only the "Current Balance" but do not disclose that the balance might increase due to interest "misleading" within the meaning of Section 1692e.

47. The Plaintiff was left uncertain as to whether the "Current Balance" was accruing interest as

8

there was no disclosure that indicated otherwise.

48. Plaintiff was left unsure whether the "Current Balance" would accrue any type of interest as there was no disclosure that indicated otherwise.

49. To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

50. Defendant was required to include a disclosure that automatically accrued interest was accruing, or in the alternative, the creditor has made an intentional decision to waive the automatically accruing interest, yet it did not make any of those disclosures in violation of 1692e.

51. Failure to disclose such a waiver of the automatically accrued interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.

52. Defendant knew that the balance would increase due to interest.

53. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

54. The Plaintiff and the unsophisticated consumer would be led to believe that the "Current Balance" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

55. Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor could still seek the automatic interest . . . , or sell the consumer's debt to a third party, which itself could seek the interest and from the consumer. *Avila*, at *10-11.

56. A debt-collector must disclose that interest is accruing, or in the alternative, it must disclose

any such waiver.

57. Waiver of interest even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear to the least sophisticated consumer that it intends to waive the interest.

58. A consumer who pays the "Current Balance" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest accumulated after the letters were sent but before the balance was paid.

59. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) for misrepresenting the amount of the debt owed by the Plaintiff.

60. Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and

(b)   certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

(c)   Awarding Plaintiff and the Class actual damages;

(d)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)   Awarding pre-judgment interest and post-judgment interest; and

(f)   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq.
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:     (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Alan J. Sasson*
Alan J. Sasson, Esq.

Dated:   Brooklyn, New York
              April 26, 2017